UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELAINA F. FISCHER                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:04CV-520-S

MBNA AMERICA BANK, N.A., et al.                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, MBNA America Bank, N.A. to dismiss for lack of subject matter jurisdiction (DN 6) and motion of the defendant, National Arbitration Forum, to dismiss for failure to state a claim against it (DN 8). For the reasons stated herein, the motion to dismiss for lack of subject matter jurisdiction will be granted and the action will be dismissed by separate order. The motion to dismiss for failure to state a claim is rendered moot by this opinion.

The complaint seeks to have an arbitration award vacated pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. The award was rendered against the plaintiff, Elaina F. Fischer, in the amount of $14,338.66 on an MBNA credit card bill. It is the contention of Fischer that no written agreement existed between her and MBNA. Therefore, she contends that the arbitration in which she apparently refused to participate, was violative of 9 U.S.C. § 4, and should be vacated.

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief...Only well-pleaded facts, however, must be taken as true. The trial court need not accept as true legal conclusions or unwarranted factual inferences. *See, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Moreover, "[t]he admonishment to liberally construe plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions." *Sogevalor v. Penn Cent. Corp.*, 771 F.Supp. 890, 893 (S.D.Ohio 1991). "[A] complaint...must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Ibid.* (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745

F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985)).

*Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998).

Fischer alleges that on August 12, 2004, the arbitration award in question was entered against her without notice or an opportunity to defend, present evidence, or otherwise participate in a hearing. ¶8. However, it is clear that Fischer was on notice of the arbitration proceedings, and she alleges as much in her complaint. *See,* ¶¶ 3-6. She moved the National Arbitration Forum (NAF) to dismiss the arbitration on the ground that no written agreement to arbitrate existed. In that filing she stated that"...the Respondent [Fischer] cannot be required to arbitrate the within claim and respectfully declines to plead further." Respondent's Objection and Motion to Dismiss, June 9, 2004.

While she alleges that she was without notice of the document hearing from which the adverse decision was reached[1], a July 19, 2004 letter from Fischer's counsel to the NAF evidences that this allegation is false. The letter responds to a specific statement in a July 14, 2004 notice of the document hearing, addressed to Fischer, through her attorney. The July 14, 2004 letter informed her that a document hearing would be held within thirty days from that date. Fischer did not submit documents or a response to the merits of MBNA's claim, despite the July 14, 2004 notice's instructions regarding the process for doing so. Rather, Fischer's counsel responded with the July 19, 2004 letter stating that "[b]ecause you have rushed this issue, I may have no alternative than collateral attack; I do not believe that I have time to seek injunctive relief." This action appears to be the "collateral attack" of which counsel spoke.

---

[1]Complaint, ¶ 7: "...without...any notice of a scheduled "Hearing..."; ¶8: "...again with no notice that an arbitrator had been assigned..."

Fischer's complaint must be dismissed, as there has been no showing that this court has subject matter jurisdiction . In *McNutt v. General Motors Acceptance Corporation of Indiana*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed.2d 1135 (1936), the Supreme Court stated that a plaintiff

> ...must alleges in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does not make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court...If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.

*MicNutt*, 56 S.Ct. at 785.

The question before us is whether we have jurisdiction to entertain Fischer's challenge to the arbitration award. We do not, as the FAA does not confer independent subject matter jurisdiction over a petition to compel or to vacate an award. (9 U.S.C. §§ 4 and 10). *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255 (6th Cir. 1994); *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243 (D.C.Cir.1999).

A review of the complaint confirms that there is no independent basis for federal jurisdiction in this matter. Count 1 states that "Movant specifically reserves any and all claims and causes of action...pending the vacation of the [arbitration] award...and respectfully moves this honorable Court to grant her leave to amend...to include any and all claims...including...Violations of 15 USCA Section 1861, et seq..." This sole reference to an ill-defined and, as yet, unstated federal claim, completely devoid of any factual basis, is insufficient to ground federal question jurisdiction over the petition to vacate the award. *See, Sogevalor, supra; Car Carriers, Inc., supra.* The remaining claims are grounded in state law. Further, Fischer does not dispute that there is no diversity jurisdiction in this matter.

Additionally, to the extent that the complaint seeks to assert state law claims against the NAF, the NAF is entitled to the protection of arbitral immunity to the extent that it is "immune from liability in damages for all acts within the scope of the arbitral process." *Higdon v. Construction Arbitration Associates, Ltd.* 71 S.W.3d 131, 132 Ky.App. 2002). We note, however, that in light of our lack of subject matter jurisdiction, the motion of the NAF is rendered moot and our finding in this regard is merely advisory.

For the reasons set forth herein the motion of MBNA to dismiss will be granted and the action will be dismissed without prejudice. A separate order will be entered this date in accordance with this opinion.